BALLOUN *v.* ARCHER.

5-3269          379 S. W. 2d 6

Opinion delivered May 25, 1964.

*Parker Parker,* for appellant.

*William R. Bullock,* for appellee.

SAM ROBINSON, Associate Justice. On August 16, 1962, Frank Balloun and 65 other landowners filed a petition in the Chancery Court, Dardanelle District, Yell County, praying for the formation of the proposed Smiley-Pin-Harris Creek Watershed Improvement District. The 66 petitioners alleged, among other things, that they were landowners within the proposed Watershed District, which was comprised of a total of 112 landowners, that their holdings represented a majority in acreage, and that pursuant to the requirements set out in Ark. Stat. Ann. § 21-906 (Repl. 1956), they represented a majority of the landowners in number and in valuation.

Prior to a hearing on the petition, a motion was filed by numerous landowners in the district asking the court to deny the creation of the district on several grounds. Ten of the movants alleged that their signatures had been obtained by fraudulent misrepresentation and concealment of material facts. All asserted that the district contained some 131 landowners and not 112

as alleged in the petition. The court denied the petition to create the district and the petitioners have appealed.

For reversal appellants argue that the trial court erred in allowing nine petitioners to remove their names after the petition had been filed with the court since they made no showing of irregularities, fraud or deceit. *Pendleton* v. *Stuttgart,* 235 Ark. 513, 360 S. W. 2d 750.

Although there is evidence in the record that several petitioners were unaware, at the time of signing, of a 15-20% tax assessment, and the fact that they were selecting five commissioners whose names were subsequently inserted in the petition, we do not reach the question of the correctness of the trial court's determination that these petitioners showed cause for the removal of their signatures. We find, however, that the signatures of some 12 additional petitioners should have been removed and that appellants, therefore, failed to provide the chancery court with a petition representing a majority of the landowners within the proposed district.

Seven of the petitioners owned no land within the proposed district as shown by the latest assessment of real property offered as exhibit by appeellants. Their names should be stricken and they cannot now contend that they were not before the court, inasmuch as they are paries to the litigation.

We further find that some five additional petitioners' signatures should be removed for other causes. Two petitioners had died before the filing of the petition; there was no revivor. Two signatures should have been removed as they were obtained without the authority of the landowners, and one landowner whose name appeared on the petition testified without contradiction that he never signed the petition and had no knowledge of how his name had been acquired. With these names deleted, the petition does not contain a majority in number.

If the petition for the formation of the district does not contain the names of both a majority in number and

in valuation, the court may, at its discretion, deny the petition. Ark. Stat. Ann. § 21-906 (Repl. 1956). Here, we do not find that the court abused its discretion.

Affirmed.